Argued June 1; affirmed June 13, 1933

# WESTHOFF *v.* SHANNON

(22 P. (2d) 895)

*Franklin C. Howell,* of Portland (Wilbur, Beckett, Howell & Oppenheimer, of Portland, on the brief), for appellant.

*Frank J. Lonergan,* of Portland (Lonergan & Wagner and Neal R. Crounse, all of Portland, on the brief), for respondent.

■ ROSSMAN, J. This is an appeal from a judgment in favor of the plaintiff in an action to recover damages for a personal injury sustained by her when the defendant's truck collided with her upon Broadway street in the city of Beaverton September 11, 1929, at 6:53 p. m. Broadway street, the course of which is east and west, is 36 feet wide. On its north side, 36 feet east of West street, is a stage depot. Upon the

above-mentioned occasion there was parked, adjacent to the curb across the street from the stage depot entrance, an automobile, and alongside of it stood a stage waiting to receive passengers. Since the stage was parked alongside of a car there remained between the stage and the north curb only 12 feet of space. On the north side of the street adjacent to the curb was parked a line of cars. Thus there was left only a narrow lane in the street unoccupied. At the aforementioned time the plaintiff, who was in the stage depot and desired to board the stage, left the depot, crossed the sidewalk and entered the street. She observed the defendant's truck, towing a disabled car, approach her course from her right (the west). She noticed that the truck was changing its course somewhat to the left so as to avoid the parked stage, and also observed that it was slowing its speed. These facts caused her to believe that the truck would stop rather than attempt to pass through the narrow lane. Such being her belief, she diverted her attention to the left to observe traffic approaching from that direction, and when she was eight feet from the north curbstone again observed the truck, but it was now too late for her to get out of its way, for instead of stopping, as she had supposed it would, it kept on coming. She was struck, sustained injuries, and later brought this action to recover damages. The plaintiff had observed the truck while crossing the sidewalk, again when she had taken a step or two in the street, and a third time just before the truck was upon her. Her supposition that the truck was about to stop finds support in the fact that a car was approaching the bottleneck from the east. It will be observed that the truck was upon the left-hand side of the thoroughfare when the plaintiff was injured. The

place where she was struck was not a street intersection, but the defendant was aware of the presence of the stage depot at that place.

The first assignment of error is based upon the court's order which denied defendant's motion for a nonsuit, and the second is based upon an order denying defendant's motion for a directed verdict. In pressing these assignments of error upon our attention, the defendant argues that the evidence revealing the above facts shows that the plaintiff was guilty of negligence. He also contends that it fails to show any negligence on defendant's part. We have carefully considered these assignments of error, but are firmly convinced that they reveal nothing but issues of fact which the circuit court was compelled to submit to the jury. We deem it unnecessary to set forth herein our review of the evidence, and content ourselves with the statement that, since the court submitted to the jury the issues of both plaintiff's and defendant's negligence, it committed no error.

█ The third assignment of error is predicated upon an exception which the defendant saved when the court declined to read to the jury a requested instruction proposed by the defendant and designated by the numeral 6. This stated under what circumstances an automobile is entitled to the right of way over a pedestrian when the latter attempts to cross a street at some point other than a crosswalk. If the court had not given the equivalent of this requested instruction, it would have committed error, but the equivalent was given in words which every juror must have understood.

We find no error, and affirm the judgment of the circuit court.

Belt, Kelly, and Bailey, JJ., concur